contention of Central Buffalo that there is insufficient evidence to establish a causal connection between the defective condition and plaintiff's injuries.

The lease between Central Buffalo and Casual Corner requires Casual Corner to indemnify Central Buffalo "from all claims of third parties arising out of, or connected with, the business conducted on the Leased Premises". Thus, the court erred in denying the motion of Central Buffalo for summary judgment seeking contractual indemnification from Casual Corner (*see, Amelio v New York City Hous. Auth.,* 74 AD2d 752, *affd* 51 NY2d 885). Plaintiffs have not preserved for our review their contentions that General Obligations Law § 5-321 and the antisubrogation rule bar enforcement of the contractual indemnification provision, and we decline to reach those contentions in the exercise of discretion (*see generally, Wright v Nichter Constr. Co.,* 213 AD2d 995, 996).

Finally, the court properly denied Casual Corner's motion for summary judgment dismissing the third-party complaint. The amendment to Workers' Compensation Law § 11, which became effective September 10, 1996, is prospective only; therefore, it does not apply to actions pending on that date (*see, Matie v Sealed Air Corp.,* 242 AD2d 863; *Massella v Partner Indus. Prods.,* 242 AD2d 870). (Appeals from Order of Supreme Court, Erie County, Notaro, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Hayes, Wisner and Boehm, JJ.

■ TOWN OF CHEEKTOWAGA, Respondent, v STARLITE BUILDERS, INC., et al., Appellants. (Appeal No. 1.) [668 NYS2d 973] —Appeal unanimously dismissed without costs (*see, Matter of Eric D.* [appeal No. 1], 162 AD2d 1051). (Appeal from Judgment of Supreme Court, Erie County, Whelan, J.—Condemnation.) Present—Pine, J. P., Lawton, Hayes, Wisner and Boehm, JJ.

■ TOWN OF CHEEKTOWAGA, Respondent, v STARLITE BUILDERS, INC., et al., Appellants. (Appeal No. 2.) [668 NYS2d 293] —Supplemental judgment unanimously reversed on the law with costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: In August 1990 petitioner, Town of Cheektowaga (Town), acquired four parcels of vacant land by eminent domain for the construction and development of a municipal golf course. Thereafter claimants, the owners of the four parcels, filed a claim pursuant to EDPL 503 for damages arising from the Town's acquisition of their property. A nonjury trial was commenced and, at the close of claimants' proof, Supreme Court granted the Town's motion for a directed verdict and entered judgment